[Cite as *State v. Moore*, 2014-Ohio-3024.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 13CA965 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| JOHN D. MOORE, | : | |
| Defendant-Appellant. | : | **RELEASED: 6/30/2014** |

APPEARANCES:

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Ohio Assistant Public Defender, Columbus, Ohio, for appellant.

C. David Kelley, Adams County Prosecuting Attorney, and Mark R. Weaver, Adams County Assistant Prosecuting Attorney, for appellee.

Harsha, J.

{¶1} John D. Moore pleaded guilty to a charge of murder in exchange for the state of Ohio dismissing a charge of endangering children. The trial court accepted Moore's guilty plea, found him guilty of murder, sentenced him to a mandatory prison term of 15 years to life and five years of postrelease control, and fined him $1,500.

{¶2} Moore asserts in his first assignment of error that the trial court erred in accepting his plea. Moore claims that his plea was involuntary because it was based on the material mutual mistake that the state's dismissal of the endangering children charge would benefit him. Moore argues that because the murder and endangering children charges were allied offenses of similar import subject to merger, he could not have been convicted and sentenced on both. Thus he contends he received no benefit

for his part of the bargain, e.g. had he known he couldn't be sentenced on both charges, he would not have pled guilty.

{¶3}   Moore's claim is meritless because he relies on a statement in a competency evaluation to contend that he understood the purpose of the plea bargain was to obtain a shorter prison sentence.  However, that evaluation is not part of the record on appeal.  Moreover, a determination of allied offenses of similar import requiring merger is not automatic based on the offenses involved—the defendant has the burden to establish the appropriateness of merger based on the actual conduct involved.  Relieving him of that burden constituted consideration for the agreement. Finally, even if Moore's plea did not result in a lesser sentence, he may have obtained other benefits from the plea, i.e. the avoidance of a jury trial and further publicity.  Under the totality of the circumstances, the trial court properly determined that his guilty plea was knowingly, intelligently, and voluntarily made.  We overrule Moore's first assignment of error.

{¶4}   In his second assignment of error, Moore claims that his trial counsel was ineffective because he failed to explain that his plea offer had no value.  For the previously discussed reasons, the record does not establish that his plea of guilty had no value.  Because the premise of this assigned error is erroneous, Moore cannot establish either that his trial counsel's performance was deficient or that any deficient performance prejudiced him.  We overrule Moore's second assignment of error.

{¶5}   In his third assignment of error, Moore asserts that the trial court erred by imposing five years of postrelease control.  Because postrelease control does not apply

to unclassified felonies like murder, the state candidly concedes that the trial court erred, and we agree. Moore's third assignment of error has merit.

{¶6}    Therefore, we affirm the judgment of conviction and sentence in part, reverse that portion of the sentence imposing postrelease control, and remand the cause to the trial court to correct that portion of the sentence.

## I. FACTS

{¶7}    According to Moore he was watching his five-month-old son, Carson, at his apartment because his girlfriend was gone. When Carson would not stop crying, Moore became angry and frustrated. Moore shook Carson hard to stop him from crying. By shaking his son, Moore caused Carson to suffer serious injuries that resulted in the baby's death.

{¶8}    An Adams County grand jury returned an indictment charging Moore with one count of endangering children in violation of R.C. 2919.22(B)(1), a felony of the second degree and one count of murder in violation of R.C. 2919.22(B)(1), a special felony. Moore entered a plea of not guilty to the charges, and the trial court appointed attorney C. Nicholas Ring to represent him. Moore subsequently entered a plea of not guilty by reason of insanity, and the trial court ordered that Moore be evaluated for his competence to stand trial, his mental condition at the time of the commission of the offense, and his competence to understand and waive his Miranda rights. Following the submission of a written report from clinical psychologist Kristen Haskins, the trial court determined that Moore was competent to stand trial. The court also concluded Moore did not have a severe mental disease or defect that prevented him from knowing the

wrongfulness of his conduct when he committed it and that he understood his Miranda rights.

{¶9}    Moore then changed his plea to guilty to the charge of murder in exchange for the state's dismissal of the endangering children charge.  Before accepting his plea the trial court engaged in a detailed colloquy with Moore in accordance with Crim.R. 11(C)(2) to determine whether he was entering his guilty plea knowingly, intelligently, and voluntarily.  During this exchange Moore specifically informed the trial court that he understood he was going to plead guilty to the murder charge, that the state would dismiss the endangering children charge, that his mandatory sentence on the murder charge would be 15 years to life, and that he was waiving his constitutional rights to a jury trial, to confront his accusers, to compulsory process, to require the state to prove guilt beyond a reasonable doubt, and the privilege against compulsory self-incrimination.  Moore also stated that he was satisfied with his trial counsel's legal representation and with the result of the plea agreement.  He further specified that he had not been threatened in any way to cause his plea to be involuntary.  The trial court also advised Moore that he would be subject to a mandatory five-year term of postrelease control after being released from prison for his murder conviction.

{¶10}  The trial court accepted Moore's guilty plea, and after Moore testified about the circumstances of his crime, the trial court found him guilty of murder.  The trial court sentenced Moore to a mandatory term of incarceration of 15 years to life, imposed a five-year term of postrelease control, and fined him $1,500.

{¶11}  This appeal ensued.

## II.  ASSIGNMENTS OF ERROR

**{¶12}** Moore assigns the following errors for our review:

1. Did the trial court err by accepting an involuntary plea?  Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; T.p. 4-5 (Apr. 2, 2013); Plea of Guilty (Apr. 3, 2013)

2. The trial court erred by accepting a plea despite ineffective assistance of counsel.  Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. T.p. 4-5 (Apr. 2, 2013); Plea of Guilty (Apr. 3, 2013)

3. The trial court erred by imposing postrelease control.  T.p. 12-13 (Apr. 17, 2013); Judgment Entry on Sentence (Apr. 17, 2013).

III.  LAW AND ANALYSIS

A.  Involuntary Plea

**{¶13}**  In his first assignment of error Moore asserts that the trial court erred in accepting his guilty plea because it was involuntary.  "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' "  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).  An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards.  *State v. Smith*, 4th Dist. Washington No. 12CA11, 2013-Ohio-232, ¶ 10.

**{¶14}**  "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest."  *Veney* at ¶ 8.  However Moore does not claim that the trial court failed to comply with Crim.R. 11(C).  Instead, Moore claims that the trial court erred in determining that his guilty plea was involuntary because it was

based on the material mutual mistake that the state's dismissal of the endangering children charge would benefit him.  He also argues the plea agreement lacked consideration.  Moore contends that because the murder and endangering children charges were allied offenses of similar import, he could not have been convicted and sentenced on both; and had he known he would not receive any benefit from the dismissal of endangering charges, he would not have pled guilty.

{¶15}  " 'Principles of contract law are generally applicable to the enforcement and interpretation of plea agreements.' "  *State v. Billingsley*, 133 Ohio St.3d 277, 2012-Ohio-4307, 978 N.E.2d 135, ¶ 26, quoting *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 50; *State v. Furnier*, 4th Dist. Scioto No. 13CA3546, 2013-Ohio-5376, ¶ 9.  The essential elements of a contract are an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), manifestation of mutual assent, and legality of the object and consideration.  *See generally Williams v. Ormsby*, 131 Ohio St.3d 427, 2012-Ohio-690, 966 N.E.2d 255, ¶ 14; *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16.

{¶16}  In general, "if the parties and the trial court have made a mutual mistake regarding the terms of a plea agreement," the agreement should be rescinded.  *State v. Johnson*, 182 Ohio App.3d 628, 2009-Ohio-1871, 914 N.E.2d 429, ¶ 14 (4th Dist.).  "When a defendant's guilty plea is induced by erroneous representations as to the applicable law, including eligibility for judicial release, the plea is not knowingly, intelligently, and voluntarily made."  *State v. Bryant*, 4th Dist. Meigs No. 11CA19, 2012-Ohio-3189, ¶ 8.

**{¶17}** Moore cites *Bryant* in support of his argument that his plea was involuntary. But in *Bryant* the defendant was misinformed that he would be eligible for judicial release. Here, there was no misinformation apparent from our record - in accordance with the terms of the plea agreement, the state dismissed Moore's child endangering charge in exchange for his guilty plea to the murder charge.

**{¶18}** Moore relies on a purported statement in the competency report of clinical psychologist Haskins that Moore "thought a positive of a plea bargain would be less time." He points to this "statement" as evidence that the parties had a material mistaken belief that Moore would receive a lesser prison sentence by pleading guilty to murder. However, that report is not part of the record certified on appeal. Under these circumstances, we must presume the validity of the trial court's determination. *See, e.g., State v. Philon*, 6th Dist. Erie No. E-93-15, 1994 WL 319058 (June 30, 1994), *3 (absent the inclusion of a competency evaluation in the record on appeal, appellate court will presume the validity of the trial court's proceedings); *State v. Glenn*, 4th Dist. Adams Nos. 11CA931 and 11CA932, 2012-Ohio-3190, ¶ 6, fn. 4 ("under App.R. 9(B) it is the duty of the appellant to order, in writing, from the court reporter, a complete transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record"). Moreover, even assuming that this statement appears in the competency evaluation, it only states that a lesser sentence "was a positive," not that this would be the only benefit to be garnered by Moore by pleading guilty to murder.

**{¶19}** Moore claims that because the offenses were allied offenses of similar import, the parties' agreement to plead guilty to murder in exchange for the state's

dismissal of the child endangering charge lacked consideration as he received no benefit from it.  Normally, the dismissal of another criminal charge constitutes sufficient consideration for a plea agreement.  *See State v. Smith*, 2d Dist. Greene No. 90CA87, 1992 WL 206739 (Aug. 26, 1992), *7.  Moore contends that this general rule is inapplicable because the dismissal of the endangering children charge could not reduce his sentence.

{¶20}  Moore's contention lacks merit for several reasons.  First, although he may have successfully argued that any convictions for murder and endangering children should be merged as allied offenses of similar import, it would not have been automatic based simply on the types of offenses charged.  Rather, the court would have to consider Moore's specific conduct.  *See State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, syllabus ("When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered").  Merger is a sentencing question, and the defendant bears the burden of establishing his entitlement to the protection of R.C. 2941.25.  *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 18.  That burden was removed by the plea agreement.  Relieving Moore of the burden constitutes consideration for the agreement.

{¶21}  Moore's reliance on *Johnson*, which held that the offenses of murder and child endangering were allied offenses of similar import based on the circumstances of that case, is misplaced because the pertinent facts in *Johnson* were elicited in a jury trial.  By contrast any discussion of what evidence the state would have relied on to

support each conviction at trial requires some speculation because of the plea agreement.

**{¶22}** Furthermore, a lesser sentence is not the only benefit to be received by a defendant deciding to plead guilty to a charged offense. The defendant could also avoid the additional publicity that a trial might generate. Because some consideration exists for the plea agreement, we cannot inquire into the adequacy of the consideration. *Williams*, 131 Ohio St.3d 427, 2012-Ohio-690, 966 N.E.2d 255, ¶ 17 ("long-established precedent that courts may not inquire into the adequacy of consideration").

**{¶23}** Based on a totality of the circumstances, Moore fails to establish that the plea agreement should be rescinded based on either a material mutual mistake or lack of consideration. The trial court did not err in determining that Moore's plea of guilty to the murder charge was knowingly, intelligently, and voluntarily made. We overrule Moore's first assignment of error.

### B. Ineffective Assistance of Counsel

**{¶24}** In his second assignment of error, Moore argues that the trial court erred in accepting his guilty plea despite ineffective assistance of counsel. Moore claims that his trial counsel was ineffective because he failed to explain to him that the state's plea offer had no value.

**{¶25}** To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d

1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 23. The petitioner has the burden of proof because in Ohio, a properly licensed attorney is presumed competent. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62. Failure to satisfy either part of the test is fatal to the claim. *Strickland* at 697; *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

**{¶26}** For the reasons previously discussed in our disposition of his first assignment of error, Moore's claim is based on the erroneous premise that his plea had no value. Moore has not established that his plea did not benefit him, and he thus has also not established that his trial counsel's performance was deficient or that any deficient performance prejudiced him. We overrule Moore's second assignment of error.

## C. Postrelease Control

**{¶27}** In his third assignment of error, Moore contends that the trial court erred in imposing postrelease control as part of his sentence on his murder conviction. Postrelease control is not required for persons convicted of special felonies like aggravated murder or murder. *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶ 21, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36; *State v. Lofton*, 4th Dist. Pickaway No. 11CA16, 2012-Ohio-2274, ¶ 8, quoting *State v. Silguero*, 10th Dist. Franklin No. 11AP-274, 2011-Ohio-6293, ¶ 8 ("[appellant] was convicted of murder, 'which is an unclassified felony to which the post-release control statute does not apply' "). Therefore, as the parties both note, we must reverse this portion of Moore's sentence and remand the matter to the

trial court to correct the sentence by removing all references to postrelease control.  A de novo sentencing hearing is not required.  *Lofton* at ¶ 11.  We sustain Moore's third assignment of error.

## IV.  CONCLUSION

{¶28}  Therefore, having overruled Moore's first and second assignments of error, we affirm the judgment of the trial court convicting him of murder on his guilty plea and his sentence except for the imposition of postrelease control.  Having sustained Moore's third assignment of error, we reverse that portion of the trial court's sentence imposing postrelease control and remand the cause to the trial court to correct the sentencing entry by removing it.

JUDGMENT AFFIRMED IN
PART AND REVERSED IN PART
AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED.  Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.:  Concurs in Judgment and Opinion.
McFarland, J.:  Concurs in Judgment Only.

For the Court

BY: _____
       William H. Harsha, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**