[Cite as *State v. Phillips*, 2019-Ohio-3707.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-18-1145

     Appellee                                     Trial Court No.  CR0200203200

v.

Devian Phillips                                       **DECISION AND JUDGMENT**

     Appellant                                    Decided:  September 13, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assisting Prosecuting Attorney for appellee.

Devian Phillips, pro se.

* * * * *

**SINGER, J.**

## I.      Introduction

{¶ 1} Appellant, Devian Phillips, appeals the October 24, 2017 judgment of the

Lucas County Court of Common Pleas, denying his motion to withdraw his guilty plea.

As appellant's motion is barred by res judicata, we affirm the trial court's judgment.

## A. Facts and Procedural Background

{¶ 2} On November 1, 2002, appellant was indicted with one count of murder in violation of R.C. 2903.02(A), with a firearm specification attached in violation of R.C. 2941.145(A). Appellant entered a not guilty plea on March 25, 2003. On July 21, 2003, appellant withdrew his previously filed motion to suppress and entered a guilty plea to the murder charge. Pursuant to a plea agreement, prosecutors entered a nolle prosequei as to the firearm specification.

{¶ 3} Appellant was sentenced on the same day to a prison term of fifteen years to life. No good time credit would be awarded and his sentence was mandatory. The plea agreement states: "I understand the MAXIMUM penalty COULD be: a maximum basic prison term of life of which 15 years – life is mandatory, during which I am ~~NOT~~ eligible for judicial release or community control." The word "NOT" was scribbled through on the plea agreement. Appellant did not file a direct appeal of his conviction.

{¶ 4} On March 11, 2009, appellant filed his first motion to withdraw his guilty plea. In this motion, appellant argued that he should be permitted to withdraw his guilty plea based on ineffective assistance of counsel. This motion was denied by the trial court on March 26, 2009. Appellant appealed that decision to this Court, but that appeal was later dismissed because appellant failed to file his assignments of error and his appellate brief.

2.

{¶ 5} On February 22, 2017, appellant filed a motion for judicial release which was denied the following day. On July 26, 2017, appellant filed his second motion to withdraw his guilty plea. Appellant argued that he did not enter his plea knowingly, intelligently, and voluntarily because he assumed that he would be eligible for judicial release rather than parole at the end of his fifteen year mandatory sentence. Appellant argued that he was misinformed by his trial counsel that he would be eligible for judicial release.

{¶ 6} Appellant filed an affidavit in support of his motion. The affidavit asserts that appellant was not fully informed of the terms of his plea agreement. He avers that "I was under the assumption that I would be on post-relief control, but in actuality I would be under APA [parole] for a lifetime of parole." He also avers that his "judgment of conviction is a miscarriage of justice."

{¶ 7} The trial court found that appellant's motion was barred by res judicata due to his earlier filing of a motion to withdraw his plea. The trial court also found that appellant had failed to demonstrate a manifest injustice because appellant failed to demonstrate that there was an affirmative representation of eligibility, or that there was a mutual mistake between himself and the prosecutor. This timely appeal ensued.

## B.   Assignments of Error

Assignment of Error One: Whether Appellant's plea was knowingly, intelligently, and voluntarily made, in violation of due process and Article I, Section 16 of the Ohio Constitution?

Assignment of Error Two: Whether a criminal defendant's plea agreement in binding and contractual in nature? Whether the guilty plea satisfied constitutional due process?

Assignment of Error Three:  Whether Appellant's conviction for Murder, in violation of R.C. 2903.02(A), an unclassified felony, renders the sentence void?

## II.   Analysis

{¶ 8} The crux of appellant's three assignments of error is that his plea was not knowingly, voluntarily, or intelligently entered.  He argues that because he was misinformed by the plea agreement and his trial counsel that he would be eligible for judicial release following his mandatory prison term, the trial court abused its discretion when it denied his second motion to withdraw his guilty plea.  Appellant argues the motion should have been granted because the word "NOT" was crossed out on the plea agreement which led him to believe that he would be eligible for judicial release following his mandatory prison term.

{¶ 9} Appellee, the state of Ohio, argues that appellant's motion to withdraw his guilty plea was barred by the doctrine of res judicata and that appellant has failed to demonstrate any manifest injustice. Appellee argues that the sentencing entry in this matter does not contain any information about appellant's eligibility for judicial release, but does state that he will not be eligible for parole until the expiration of his mandatory prison term.

{¶ 10} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. As appellant's motion to withdraw his plea was filed more than a decade after his conviction, the manifest injustice standard applies.

A defendant who seeks to withdraw a guilty plea after the imposition of sentence carries the burden of establishing the existence of manifest injustice. A manifest injustice is defined as a 'clear or openly unjust act.' Manifest injustice is an extremely high standard, and a defendant may only withdraw his guilty plea in extraordinary cases.

The decision to grant or deny a Crim.R. 32.1 motion to withdraw a guilty plea is reviewed on appeal under an abuse of discretion standard. Accordingly we will not reverse the trial court's denial of that motion unless we find that the court's attitude in ruling on the motion was

5.

unreasonable, arbitrary or unconscionable. *State v. Favre*, 6th Dist. Erie Nos. E-10-051, E-10-052, 2012-Ohio-4187, ¶ 13-14 (citations omitted).

## A. Res Judicata

{¶ 11} "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Green*, 5th Dist. Stark No. 2011 CA 00127, 2011-Ohio-5611, ¶ 24, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Res judicata serves as a bar for successive motions to withdraw guilty pleas under Crim.R. 32.1, when the grounds to withdraw the plea were raised or could have been raised in the initial motion to withdraw. *State v. Kelm*, 6th Dist. Wood No. WD-11-024, 2013-Ohio-202, citing *Green*, ¶ 24.

{¶ 12} We find that the trial court did not abuse its discretion when it found that appellant's second motion to withdraw his guilty plea is barred by res judicata. Appellant's motion was the second motion he filed seeking to withdraw his guilty plea. The arguments appellant makes in his second motion to withdraw his plea could have and should have been included in his first motion to withdraw his plea. Further, this issue could have been raised on a direct appeal of his conviction or on appeal of the denial of his first motion to withdraw his guilty plea. Appellant failed to file either appeal. The issue is thus precluded from again being litigated. Accordingly, appellant's first, second, and third assignments of error are not well-taken.

6.

### B. Manifest Injustice

{¶ 13} A plea agreement should generally be rescinded if the parties as well as the trial court made a mutual mistake in regards to the terms of the plea agreement. *State v. Thurman*, 4th Dist. Meigs No. 15CA4, 2016-Ohio-7254, ¶ 16, quoting *State v. Moore*, 4th Dist. Adams No. 13CA965, 2014-Ohio-3024, ¶ 16. "'When a defendant's guilty plea is induced by erroneous representations as to the applicable law * * * the plea is not knowingly, intelligently, and voluntarily made.'" *Id.*, quoting *State v. Bryant*, 4th Dist. Meigs No. 11CA19, 2012-Ohio-3189, ¶ 8. Misinformation or other incorrect affirmative representations surrounding eligibility for judicial release may render a plea not knowingly, intelligently, or voluntarily made. *See State v. Williams*, 10th Dist. Franklin No. 03AP-1214, 2004-Ohio-6123, ¶ 9-10. "'[A] defendant's own self-serving allegations are insufficient to rebut a record demonstrating that the plea was properly made.'" *State v. Johnson*, 6th Dist. Lucas No. L-16-1280, 2018-Ohio-1656, ¶ 14, quoting *State v. Whiteman*, 11th Dist. Portage No. 2001-P-0096, 2003-Ohio-2229, ¶ 20.

{¶ 14} We further find that the trial court did not abuse its discretion when it determined appellant failed to demonstrate a manifest injustice would occur if he was not permitted to withdraw his guilty plea.

{¶ 15} Appellant does assert a mutual mistake between the trial court and the parties. There is no indication that there was any conflict in understanding between the parties at the time of sentencing. Further, appellant fails to assert that anyone

7.

affirmatively represented that he would be eligible for judicial release following his prison term. He asserts that he "assumed" as such due to the scribbled out "NOT" on the plea agreement. Appellant merely asserts that a manifest injustice existed based on this assumption, with no supporting information in regards to a mutual mistake of law or an affirmative misrepresentation of the law by either his counsel or the trial court. A mistaken assumption does not rise to a manifest injustice.

{¶ 16} Despite the small indication that the word "NOT" is scribbled out, the trial court's sentencing entry clearly states that appellant was eligible to be released through parole after fifteen years. This clearly provided appellant notice he would be subject to the requirements of parole rather than judicial release. Therefore, appellant's first, second, and third assignments of error are not well-taken.

### III.    Conclusion

{¶ 17} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal pursuant to App.R. 24.

Judgement affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                           _____
                                                            JUDGE
Thomas J. Osowik, J.

                                            _____
Christine E. Mayle, P.J.                                   JUDGE
CONCUR.

                                            _____
                                                            JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.