**[Cite as *State v. Hall*, 2021-Ohio-983.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. WD-19-084 |
| Appellee | Trial Court No. 2017-CR-0503 |
| v. | |
| Jonathan W. Hall | **<u>DECISION AND JUDGMENT</u>** |
| Appellant | Decided: March 26, 2021 |

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jonathan W. Hall, pro se.

* * * * *

**ZMUDA, P.J.**

## I. Introduction

{¶ 1} This matter is before the court on appeal from the judgment of the Wood County Court of Common Pleas denying his pro se post-sentence motion to withdraw his guilty plea. For the following reasons, we affirm.

## II. Background and Procedure

{¶ 2} On October 19, 2017, appellant was indicted in Wood County case No. 2017-CR-0503 on one count of burglary in violation of R.C. 2911.12(A)(2) and (D), a felony of the second degree. This indictment included a repeat violent offender specification pursuant to R.C. 2941.149(A). Appellant was arraigned on this charge on October 30, 2017, and entered a plea of not guilty. Later, he was indicted in Wood County case No. 2018-CR-0340 on one count of escape in violation of R.C. 2921.34(A)(1) and (C)(2)(a), a felony of the second degree. This indictment included a repeat violent offender specification pursuant to R.C. 2941.149(A). On July 26, 2018, he was arraigned on the escape charge and entered a plea of not guilty.

{¶ 3} On September 17, 2018, appellant withdrew his not guilty pleas and pled guilty to one count of burglary in violation of R.C. 2911.12(A)(2) and (D) with a repeat violent offender specification in case No. 2017-CR-0503 and one count of escape in violation of R.C. 2921.34(A)(1) and (C)(2)(a) with a repeat violent offender specification in case No. 2018-CR-0340. The trial court sentenced appellant to an aggregate ten-year prison sentence which included eight years in case No. 2017-CR-0530 and two years in case No. 2018-CR-0340. Appellant filed no direct appeal.

{¶ 4} On April 19, 2019, appellant filed a motion to withdraw his guilty plea in case No. 2017-CR-0503. He did not file a motion to withdraw his plea in case No. 2018-CR-0340. On July 1, 2019, the trial court denied his motion to withdraw his plea in case No. 2017-CR-0503. Appellant filed a notice of appeal on July 15, 2019, but this appeal

2.

was dismissed on September 18, 2019, as it was captioned and filed in this court and not the trial court.  On October 17, 2019, appellant again filed a notice of appeal along with a motion for delayed appeal in case No. 2017-CR-0503.  This court granted the motion for delayed appeal on December 10, 2019.

### III.  Assignments of Error

{¶ 5} In challenging the trial court's judgment, appellant asserts the following assignment of error:

I.  The trial court abused its discretion when it refused to allow the appellant to withdraw his plea pursuant to Crim.R. 32.1 when the appellant demonstrated a manifest injustice when his trial counsel failed to investigate the "likely to be present" element of 2nd degree burglary, and failed to inform the appellant to his prejudice.

II.  The trial court abused its discretion when it refused to allow the appellant to withdraw his plea pursuant to Crim.R. 32.1 when he demonstrated a manifest injustice when counsel failed to review the sentencing guidelines for the repeat violent offender specification, and failed to inform the appellant to his prejudice.

### IV.  Analysis

{¶ 6} We address appellant's two assignments of error together, as the same analysis applies to both.  Appellant seeks to withdraw his guilty plea pursuant to Crim.R. 32.1, which provides "[a] motion to withdraw a plea of guilty or no contest may be made

3.

only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." On a motion to withdraw a plea after sentencing, the defendant has the burden of showing the existence of a manifest injustice. *State v. Davis*, 2020-Ohio-4539, 159 N.E.3d 331, ¶ 20 (6th Dist.).

{¶ 7} This court has held that the doctrine of res judicata applies to motions filed pursuant to Crim.R. 32.1. *Id.* at ¶ 24. The doctrine of res judicata provides that "'a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from the judgment.'" *Id.* at ¶ 26, quoting *State v. Miller*, 12th Dist. Clermont No. CA2016-08-057, 2017-Ohio-2801, ¶ 18 (additional citation omitted.). In the context of post-sentence motions made pursuant to Crim.R. 32.1, this doctrine bars claims that were raised or could have been raised in a prior proceeding. *Id.* at ¶ 27. Res judicata does not act as a complete bar to consideration of a motion to withdraw a plea under Crim.R. 32.1, rather, if the court determines that the claim is not barred by res judicata, then the court should proceed with the analysis.

{¶ 8} The standard of review of a trial court's denial of a motion to withdraw a guilty plea is abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715

4.

(1992). The trial court's attitude must have been unreasonable, arbitrary, or unconscionable to constitute an abuse of discretion. *Davis* at ¶ 21.

{¶ 9} A three-step analytical framework, taken from a First District case and an Ohio Supreme Court case on point for this issue, is appropriate here. In *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030 (1st Dist.), the First District Court of Appeals examined whether a trial court may consider a post-sentence motion to withdraw a guilty plea where the defendant does not file a direct appeal of his conviction. The court stated:

> [W]hile there is no jurisdictional bar to a trial court's entertaining a
> postsentence Crim.R. 32.1 motion where there has been no appeal, the
> doctrine of res judicata does bar a defendant from raising in that motion
> those matters that "could fairly [have] be[en] determined" in a direct appeal
> from his conviction, without resort to evidence outside the record. Thus
> "the doctrine of res judicata is applicable only where issues could have
> been determined on direct appeal without resort to evidence outside the
> record." But a defendant who has not taken a direct appeal from his
> conviction is not barred from raising in his motion matters that depend for
> their resolution upon outside evidence.

*Id*. at ¶ 5 (footnotes and citations omitted).

{¶ 10} This approach has been followed by at least one other court. *See State v. Wilson*, 2d Dist. Montgomery No. 25482, 2014-Ohio-1764. Additionally, this approach

5.

adheres to the Ohio Supreme Court's decision in *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978). In that case, the court held that a post-sentence motion to withdraw a plea under Crim.R. 32.1 could not be considered by a trial court once the defendant's conviction has been affirmed on appeal. *Id.* at 97-98.

{¶ 11} A three-step analytical framework crafted from the above case law is applicable to the instant case. In step one, the court must determine whether the defendant's conviction was appealed and affirmed on appeal. If the answer is yes, the trial court has no jurisdiction to entertain the post-sentence motion to withdraw under *Special Prosecutors*. If the answer is no, the court proceeds to step two. Here, it is apparent that appellant did not file a direct appeal of his conviction. Therefore, the analysis proceeds to step two.

{¶ 12} In step two, the court must determine whether the defendant relies upon evidence contained within the trial court record to support the post-sentence motion to withdraw. If the answer is yes, then the motion is barred by res judicata under *Tekulve* and its progeny. If the answer is no, the court proceeds to step three.

{¶ 13} The instant case can be compared to other cases in which this court held that res judicata barred claims made in a motion to withdraw a guilty plea. In *Davis*, 2020-Ohio-4539, 159 N.E.3d 331, at ¶ 29, this court found that appellant could have raised the claims in his motion to withdraw his plea on direct appeal or in other previous proceedings and therefore those claims were barred by res judicata. In *State v. Phillips*,

6.

6th Dist. Lucas No. L-18-1145, 2019-Ohio-3707, appellant was appealing the denial of his second motion to withdraw his guilty plea. In holding that his arguments were barred by the doctrine of res judicata, this court noted that his claims could have been raised in his first motion to withdraw his plea, in a direct appeal of his conviction, or on appeal of the denial of his first motion to withdraw the plea. *Id.* at ¶ 12.

{¶ 14} Here, appellant argues trial counsel's failures led to his guilty plea and that those failures support a finding of manifest injustice. Specifically, appellant argues that counsel should have investigated aspects of the burglary charge more in depth and that counsel overstated his possible prison exposure due to the repeat violent offender specification. However, the evidence appellant relies upon is contained in the trial court record and appellant does not rely on evidence outside of that record. Thus, these arguments could have been raised in a prior proceeding and the doctrine of res judicata acts as a bar. *Tekulve*, 188 Ohio App.3d 792, 794-795, 2010-Ohio-3604, 936 N.E.2d 1030.

{¶ 15} Based on appellant's reliance on evidence not outside the record, we need not address the third step of the analysis for the instant case. In order for step three to be applicable, the defendant must have failed to appeal his conviction and relied on evidence outside the trial record in support of his post-sentence motion. Accordingly, we need not address appellant's motion on its merits to ascertain whether the trial court abused its discretion in denying appellant's motion to withdraw his plea post-sentence, to correct manifest injustice as provided in Crim.R. 32.1.

7.

{¶ 16} In this case, res judicata fully bars consideration of appellant's motion to withdraw his plea, and we find no abuse of discretion in denying appellant's post-sentence motion to withdraw his guilty plea. Therefore, appellant's assignments of error are found not well-taken.

## V. Conclusion

{¶ 17} For the foregoing reasons, we affirm the judgment of the Wood County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.       

                 JUDGE

Gene A. Zmuda, P.J.       

Myron C. Duhart, J.                       JUDGE
CONCUR.

                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.