**[Cite as *State v. Newsome*, 2021-Ohio-4448.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No.  L-21-1137

     Appellee                                      Trial Court No.  CR0201102959

v.

Darrick Newsome                              **DECISION AND JUDGMENT**

     Appellant                                     Decided:  December 17, 2021

* * * * *

Julie R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Darrick Nesome, Pro se.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Darrick Newsome, pro se, appeals the judgment entered by the
Lucas County Court of Common Pleas, denying his motion to withdraw guilty plea.  For
the reasons that follow, we affirm the judgment of the trial court.

**Statement of the Case and Facts**

{¶ 2} On December 2, 2011, appellant was indicted on two counts of aggravated murder, felonies of the first degree, in violation of R.C. 2903.01(B) and (F), with gun specifications; three counts of aggravated robbery, felonies of the first degree, in violation of R.C. 2911.01(A)(1), with gun specifications; two counts of aggravated burglary, felonies of the second degree, in violation of R.C. 2911.11 (A)(2), with gun specifications; and two counts of felonious assault, felonies of the second degree, in violation of R.C. 2903.11(A)(2), with gun specifications.

{¶ 3} On November 16, 2012, appellant entered pleas of guilty pursuant to *North Carolina v. Alford*, to one count of involuntary manslaughter, a felony of the first degree, in violation of R.C. 2903.04(A) and (C), with the attendant firearm specification, and to two counts of robbery, each a violation of R.C. 2911.02(A)(1) and (B), and each a felony of the second degree. The parties do not dispute that the robberies to which appellant pleaded guilty were not directly related to, and, thus, did not constitute predicate offenses to, the charge of involuntary manslaughter.

{¶ 4} Appellant was sentenced to prison for seven years on the charge for involuntary manslaughter, for three years on the firearm specification, and for four years on each count of robbery. All of the terms were ordered to be served consecutively, for an aggregate sentence of 18 years in prison. No direct appeal from this conviction and sentence was ever filed.

2.

{¶ 5} In March 2017, appellant filed his first motion to withdraw plea. The trial court denied the motion on September 11, 2017. On May 6, 2021, some eight and one-half years after his original plea and sentencing, appellant filed a successive motion to withdraw guilty plea. In the motion, appellant argued that his plea of guilty to involuntary manslaughter was contrary to law because he was never found guilty of a predicate offense of either robbery or burglary. The trial court denied the motion, on June 16, 2021. This appeal followed.

## Assignment of Error

{¶ 6} Appellant asserts the following as his sole assignment of error:

The trial court erred by not reviewing appellant's *Alford* plea as a contractual instrument binding upon the state and by predicating appellant's involuntary manslaughter conviction upon nollied [sic] charges, violating appellant's Fifth and Fourteenth Amendment constitutional rights and Article One Section Ten of the Ohio Constitution.

## Analysis

{¶ 7} In his assignment of error, appellant argues that his plea agreement was breached when he was sentenced on a charge of involuntary manslaughter in the absence of a predicate offense, and that such breach resulted in violations of his "Fifth Amendment right under the double jeopardy clause," his "Fourteenth Amendment right

3.

to due process," and his double jeopardy rights pursuant to Article 1, Section 10 of the Ohio Constitution.

{¶ 8} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 9} This court has recently held that the doctrine of res judicata applies to motions filed pursuant to CrimR. 32.1. *See State v. Hall*, 6th Dist. Wood No. WD-19-084, 2021-Ohio-983, ¶ 7. Under the doctrine of res judicata, "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from that judgement." *Id.* (quotations omitted). With respect to post-sentence motions made pursuant to Crim.R. 32.1, this doctrine bars claims that were raised or could have been raised in a prior proceeding. *Id.*

{¶ 10} We review a trial court's denial of a motion to withdraw a guilty plea under an abuse of discretion standard. *Id.* at ¶ 8, citing *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). To constitute an abuse of discretion, the trial court's attitude must have been unreasonable, arbitrary, or unconscionable. *Id.*

4.

{¶ 11} In considering a post-sentence motion to withdraw a guilty plea, this court employs the following analytical framework. First, the court must determine whether the defendant's conviction was appealed and affirmed on appeal; if the answer is yes, the trial court has no jurisdiction to consider the post-sentence motion, but if the answer is no, the court proceeds to the next step. *Hall* at ¶ 11. In the next step, the court must determine whether the defendant, in support of his post-sentence motion to withdraw, relies upon evidence that is contained in the trial court record; if the answer is yes, the motion is barred by res judicata. *Id.* at ¶ 12.

{¶ 12} Here, there is no question that appellant's conviction was never previously appealed. Thus, we move on to the second step of the analysis, where we must determine whether appellant relies upon evidence that is contained in the trial record. *Hall* at ¶ 11-12. In this appeal, appellant argues in his sole assignment of error that the state and the trial court improperly predicated the involuntary manslaughter charge to which he pleaded guilty on nolled charges, and that such impropriety resulted in violations of his constitutional rights. We conclude that these arguments, and the information upon which they rely, are based entirely on evidence that is contained in the record from the plea hearing and from the sentencing hearing, and, thus, were available to him at the time of a direct appeal. We further conclude that appellant's failure to raise those arguments on direct appeal precludes him from raising them—more than eight years later—in a post-sentence motion to withdraw his guilty plea. *See State v. Arab*, 6th Dist. Lucas No. L-20-

1119, 2021-Ohio-3378 (claims made in post-sentence motion to withdraw guilty plea that appellant did not enter into plea and sentencing agreement knowingly, intelligently, and voluntarily, because he did not understand the ramifications of his pleas, were barred by res judicata); *State v. Cain*, 6th Dist. Lucas No. L-20-1126, 2021-Ohio-1841 (claims made in post-sentence motion to withdraw guilty plea that appellant did not enter into plea and sentencing agreement knowingly and voluntarily, because he was uninformed and coerced into pleading guilty, were barred by res judicata); *State v. Hall*, 6th Dist. Wood No. WD-19-084, 2021-Ohio-983 (claims made in post-sentence motion to withdraw guilty plea that trial counsel's failures led to the guilty plea were barred by res judicata).

{¶ 13} Because res judicata fully bars consideration of appellant's motion to withdraw his plea, we find no abuse of discretion in the denial of appellant's post-sentence motion to withdraw his guilty plea.  Therefore, appellant's assignment of error is found not well-taken.

{¶ 14} For all of the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.     _____
                JUDGE

Christine E. Mayle, J.

Myron C. Duhart, J.     _____
CONCUR.                JUDGE


            _____
                JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.