[Cite as *State v. Vasquez*, 2024-Ohio-2947.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-23-1300

      Appellee                                     Trial Court No.  CR0199306193

v.

 Ismael Vasquez                                   **DECISION AND JUDGMENT**

      Appellant                                    Decided:  August 2, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Timothy F. Sweeney, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant Ismael Vasquez appeals the judgment of the Lucas County Court

of Common Pleas denying his Crim.R. 32.1 post-sentence motion to withdraw his guilty

plea.  For the following reasons, the trial court's judgment is reversed.

**I. Factual Background and Procedural History**

{¶ 2} On August 4, 1992, V.H. was found having been beaten to death.  Vasquez

was indicted in relation to the murder.  On January 12, 1994, he entered a plea of guilty

pursuant to *North Carolina v. Alford* to the lesser offense of murder in violation of R.C.

2903.02 and was sentenced to 15 years to life in prison. Vasquez never appealed his conviction.

{¶ 3} Nearly 30 years later, on February 14, 2023, Vasquez filed a Crim.R. 32.1 motion to withdraw his guilty plea, asserting that he received newly discovered exculpatory evidence that the State unlawfully withheld from him. The State opposed Vasquez's motion, arguing that the trial court lacked jurisdiction to consider it.

{¶ 4} On November 20, 2023, the trial court entered its judgment denying Vasquez's motion to withdraw his guilty plea. The court determined that it had no jurisdiction to hear a Crim.R. 32.1 motion to withdraw a guilty plea after the time for an appeal from the conviction had expired.[1]

## II. Assignment of Error

{¶ 5} Vasquez timely appealed the trial court's November 20, 2023 judgment, asserting one assignment of error for review:

1. The trial court committed reversible error and misapplied controlling law, including from the Ohio Supreme Court and the Sixth Appellate District, in ruling that it did not have jurisdiction to hear and determine, and in thus denying, Appellant's well-supported and timely motion under Ohio Crim. R. 32.1 to withdraw his January 1994 Alford plea to an August 1992 murder offense, allegedly committed when Appellant

---

[1] In its decision, the trial court found that Vasquez had attempted to file a delayed appeal, which was denied. Vasquez asserts, and the State concedes, that no such delayed appeal was attempted.

2.

was 16 years old, in circumstances where the State's recently-revealed suppression of numerous exculpatory materials in violation of its duties under Brady v. Maryland and Crim.R. 16 resulted in a plea that was not made knowingly, intelligently, and voluntarily and in a miscarriage of justice.

### III. Analysis

{¶ 6} In his assignment of error, Vasquez argues that the trial court erred in denying for lack of jurisdiction his Crim.R. 32.1 post-sentence motion to withdraw his guilty plea. Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 7} Ordinarily, an appellate court reviews the denial of a post-sentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Davis*, 2020-Ohio-4539, ¶ 21 (6th Dist.). Where the trial court decides that it lacks jurisdiction to consider the motion, however, that decision is reviewed de novo. *State v. Davic*, 2021-Ohio-131, ¶ 14 (10th Dist.) ("[A]n appellate court reviews questions of law, including whether a trial court has subject-matter jurisdiction to consider a motion to withdraw a guilty plea, under a de novo standard.").

{¶ 8} The issue presented in this case is whether the trial court retains jurisdiction to entertain a post-sentence motion to withdraw a guilty plea where the time for filing an appeal from the conviction has expired and no appeal has been taken.

3.

**{¶ 9}** As a starting point, "Crim.R. 32.1 does not provide a time limit for moving to withdraw after a sentence is imposed." *State v. Straley*, 2019-Ohio-5206, ¶ 15. In *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98 (1978), however, the Ohio Supreme Court curtailed the ability of a defendant to file a post-sentence motion to withdraw a guilty plea:

> Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.

**{¶ 10}** Recently, the rule in *Special Prosecutors* has been called into question by *State ex rel. Davis v. Janas*, 2020-Ohio-1462, ¶ 11. In *Janas*, the Ohio Supreme Court recognized that a "trial court's jurisdiction over a criminal matter is limited once the proceedings are complete. Generally, a trial court loses jurisdiction to modify its judgment once that judgment has been affirmed on appeal." *Id.* It further commented that "[r]elief from judgments in criminal cases is confined to the procedures authorized by statute or rule," specifically listing Crim.R. 32.1, and "[o]utside of those procedures, there is no statute or criminal rule permitting a trial court to sua sponte substantively change a defendant's sentence after that sentence has been affirmed on direct appeal." *Id.*

4.

Some courts have read *Janas* to mean that "*Special Prosecutors* can no longer be construed as divesting a trial court of its continuing jurisdiction over post-sentence motions that are permitted by the Ohio Rules of Criminal Procedure or Ohio law." *State v. Enyart*, 2023-Ohio-3373, ¶ 26 (10th Dist.); *see also State v. Brown*, 2023-Ohio-2064, ¶ 8-10 (8th Dist.); *State v. Cobb*, 2024-Ohio-916, ¶ 15 (9th Dist.).

{¶ 11} Vasquez asks this court to join the Tenth, Eighth, and Ninth Districts in no longer enforcing the rule in *Special Prosecutors*. Upon review, that issue does not need to be decided in this case. The rule in *Special Prosecutors* applies where a conviction has been affirmed on appeal because a lower court cannot take an action that affects the decision of a reviewing court. But here, no appeal was taken from Vasquez's conviction. Thus, *Special Prosecutors* is not implicated, no time limit exists for filing a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea, and the trial court retains jurisdiction to consider Vasquez's motion.

{¶ 12} The State, arguing against this result, cites prior decisions from this court that it claims expands the rule of *Special Prosecutors* to deprive a trial court of jurisdiction where, although no direct appeal was filed, the time for filing such an appeal had expired. In *State v. Caston*, 2012-Ohio-5260 (6th Dist.), this court quoted, "It has long been held that a trial court has no authority to even consider a motion to withdraw a plea after a conviction has been affirmed on appeal; or, if there was no appeal, after the time for filing the original appeal has passed." *Id.* at ¶ 10, quoting *State v. Carter*, 2011-Ohio-6104, ¶ 11 (3d Dist.). This court quoted the same language again in *State v. Davis*, 2020-Ohio-4539, ¶ 23 (6th Dist.).

5.

{¶ 13} Importantly, though, neither *Caston*, *Davis*, nor *Carter* involved a post-sentence motion to withdraw a guilty plea being denied for lack of jurisdiction where a direct appeal was not taken and the time for filing a direct appeal had expired. In *Caston*, this court held that the trial court lacked jurisdiction because Caston's conviction "was expressly affirmed on appeal and the matter was remanded to the trial court solely for the purpose of dealing with the merger issue." *Caston* at ¶ 11. In *Davis*, the post-sentence motion to withdraw the guilty plea was denied on the basis of res judicata, not lack of jurisdiction. *Davis* at ¶ 29. In *Carter*, like *Caston*, the conviction was affirmed on appeal but the matter was remanded for "the *limited purpose* of applying the appropriate procedures to merge the counts." (Emphasis sic.) *Carter* at ¶ 13. Therefore, those cases cannot be relied upon as an expansion of the *Special Prosecutors* rule.

{¶ 14} Instead, this court has adopted the analytical framework originally articulated in the concurring opinion in *Davis*:

> In step one, the question is whether the defendant's conviction was appealed and affirmed on appeal? If the answer is yes, then the trial court has no jurisdiction to entertain the post-sentence motion to withdraw under *Special Prosecutors*. If the answer is no, the court must proceed to step two. In step two, the question is whether the defendant relies upon evidence contained within the trial court record to support his post-sentence motion to withdraw? If the answer is yes, then the defendant's motion is barred by res judicata under [*State v. Tekulve*, 2010-Ohio-3604 (1st Dist.)] and its progeny. If the answer is no, the court must proceed to step three.

In step three, which is applicable where the defendant did not appeal his conviction and raises arguments to support his post-sentence motion to withdraw that rely upon evidence outside the trial record, the trial court must address the motion on its merits and ascertain whether the defendant should be allowed to withdraw his plea post-sentence in order to correct manifest injustice as provided in Crim.R. 32.1.

*Davis* at ¶ 34 (Zmuda, P.J., concurring); *State v. Hall*, 2021-Ohio-983, ¶ 11-16 (6th Dist.); *State v. Newsome*, 2021-Ohio-4448, ¶ 11-12 (6th Dist.); *see also Tekulve* at ¶ 5 ("[W]hile there is no jurisdictional bar to a trial court's entertaining a postsentence Crim.R. 32.1 motion where there has been no appeal, the doctrine of res judicata does bar a defendant from raising in that motion those matters that 'could fairly [have] be[en] determined' in a direct appeal from his conviction, without resort to evidence outside the record.").[2]

{¶ 15} In this case, the analysis never proceeded beyond the first step. Because Vasquez never appealed his conviction, however, the trial court retained jurisdiction to consider his Crim.R. 32.1 post-sentence motion to withdraw his guilty plea. Therefore, the trial court erred when it denied the motion for lack of jurisdiction and without

---

[2] The concurring opinion seeks to overturn this court's precedence in *Davis*, *Hall*, and *Newsome* for the same reason cited by Vasquez, which is that the rule in *Special Prosecutors* should no longer be enforced. As mentioned above, however, the issue of whether a trial court retains jurisdiction to entertain a Crim.R. 32.1 motion to withdraw a guilty plea *following an appeal* is not before this court. Thus, any argument on the continued viability of the test announced in *Davis*, *Hall*, and *Newsome* is best left for another day and for a case that squarely presents the issue.

7.

considering whether Vasquez's motion was barred by res judicata, and if it was not, whether it succeeded on the merits.

{¶ 16} Accordingly, Vasquez's assignment of error is well-taken.

## IV. Conclusion

{¶ 17} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is reversed and the matter is remanded to the trial court for further proceedings consistent with this decision. The State is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.       _____

                        JUDGE

Charles E. Sulek, P.J.      
CONCUR             _____

                        JUDGE


Christine E. Mayle, J.      _____
CONCURS AND WRITES         JUDGE
SEPARATELY.

**MAYLE, J.**

{¶ 18} I concur in the judgment of the majority because I agree that the trial court has jurisdiction to consider Vasquez's Crim.R. 32.1 motion. I write separately because several of this court's cases—some of which the majority cites but distinguishes—contain statements of law that are no longer accurate following the Ohio Supreme Court's

8.

decisions in *State v. Davis*, 2011-Ohio-5028 ("*Roland Davis*"), and *State ex rel. Davis v. Janas*, 2020-Ohio-1462 ("*Janas*").[3] Moreover, under *Roland Davis* and *Janas*, the first step of the three-step analysis relied on by the majority is invalid.

{¶ 19} In *Roland Davis*, the Ohio Supreme Court held that "the holding in [*Special Prosecutors*, 55 Ohio St.2d 94] does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure" because "[t]hese motions provide a safety net for defendants who have reasonable grounds to challenge their convictions and sentences." *Id.* at ¶ 37. It more specifically recognized in *Janas* that relief from final judgment may be sought under procedures authorized by statute or rule, including under Crim.R. 32.1. *Id.* at f.n. 3. *Janas* did not qualify this statement to allow trial-court jurisdiction only in cases that were not directly appealed.

{¶ 20} Notwithstanding these decisions, this court has continued to perpetuate the proposition that a trial court lacks jurisdiction to consider a motion to withdraw a plea under Crim.R. 32.1 after a conviction has been affirmed or the time for filing an original appeal has passed. *See, e.g., State v. Davis*, 2020-Ohio-4539, ¶ 23 (6th Dist.) (*"Anton Davis"*), quoting *State v. Caston*, 2021-Ohio-5260 (6th Dist.), quoting *State v. Carter*, 2011-Ohio-6104, ¶ 11 (3d Dist.) ("[A] trial court has no authority to even consider a motion to withdraw a plea after a conviction has been affirmed on appeal; or, if there was no appeal, after the time for filing the original appeal has passed.") (Internal quotations

---

[3] To avoid confusion among the several "*Davis*" decisions, I am including the defendants' first names when referencing *State v. Davis*, 2011-Ohio-5028, and *State v. Davis*, 2020-Ohio-4539 (6th Dist.).

9.

omitted.); *State v. Winfield*, 2021-Ohio-336, ¶ 12 (6th Dist.) ("[A] trial court has no jurisdiction to determine a motion to withdraw a guilty plea once the original judgment is appealed."); *State v. Irbey*, 2022-Ohio-4770, ¶ 14 (6th Dist.), citing *Special Prosecutors* at 97-98 ("Crim.R. 32.1 does not vest jurisdiction in the trial court to determine a motion to withdraw a guilty plea which is filed subsequent to an appeal and an affirmance by the appellate court."). These statements are simply incorrect under *Roland Davis* and *Janas*.

{¶ 21} The majority also cites with approval the concurring opinion in *Anton Davis*, which sets forth a three-step analysis for determining whether a court may entertain a Crim.R. 32.1 motion to withdraw a plea. The first step requires the court to determine whether the defendant's conviction was appealed and affirmed on appeal. Under this analysis, if the conviction "was appealed and affirmed on appeal . . . then the trial court has no jurisdiction to entertain the post-sentence motion to withdraw. . . ." *Id.* at ¶ 34. The majority finds that Vasquez never filed a direct appeal, thus the trial court retained jurisdiction to consider his Crim.R. 32.1 motion. But reciting and applying this three-step analysis reinforces an incorrect legal proposition. We should simply acknowledge that in some of our cases, including *Anton Davis*, we have mistakenly overlooked the impact of the Ohio Supreme Court's decisions in *Roland Davis* and *Janas*.

{¶ 22} The Tenth District appropriately owned up to this mistake in *State v. Enyart*, 2023-Ohio-3373 (10th Dist.). In *Enyart,* after the trial court denied several motions to suppress, the defendant pled no contest in 2008 to numerous charges, was found guilty, and was sentenced to maximum, consecutive prison sentences. On direct

10.

appeal, he argued that his no contest pleas were involuntary and the trial court failed to comply with Crim.R. 11 in accepting them. The Tenth District affirmed his convictions (*Enyart I*). In 2009, it granted the defendant's application to reopen his appeal based on a claim of ineffective assistance of appellate counsel, but ultimately, overruled the assigned error (*Enyart II*).

{¶ 23} In April 2017, the defendant filed his first motion to withdraw his no contest plea under Crim.R. 32.1 on the basis that he had recently discovered evidence proving that police illegally searched his home before serving him with a search warrant. The trial court denied the motion and in 2018, the Tenth District affirmed (*Enyart III*). Relying on *Special Prosecutors,* it found, sua sponte, that the trial court lacked jurisdiction to consider the defendant's Crim.R. 32.1 motion because his conviction had been affirmed on appeal.

{¶ 24} In May 2022, the defendant filed a second motion to withdraw his no contest plea under Crim.R. 32.1. This time he accused the State of withholding portions of the police file. He claimed that he had only recently obtained the entire case file as part of a settlement of a civil suit and through a public records request. He characterized the evidence as newly discovered. Relying on *Enyart III*, the trial court denied the motion for lack of jurisdiction. The defendant appealed.

{¶ 25} The Tenth District observed that generally, appellate courts will not make legal arguments for an appellant, and the defendant provided no legal authority to the trial court to explain why *Enyart III* was wrongly decided. Nevertheless, it acknowledged that it had a duty to perpetuate "legally sound decisions by applying the correct controlling

11.

precedent." *Id.* at ¶ 22. It recognized that where "'a statement of law is incorrect, a court should not forbear to correct the error on the principal of stare decisis, but should right the wrong at the earliest opportunity.'" *Id.,* quoting *Cardon v. Northwest Airlines, Inc.*, 1990 WL 40146, *2 (6th Dist. Apr. 6, 1990), citing *Mead v. McGraw*, 19 Ohio St. 55, 62 (1869).

{¶ 26} The Tenth District explained that in *Enyart III,* it relied on the Supreme Court of Ohio's "unambiguous holding in *Special Prosecutors* that 'Crim. R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw [a] guilty plea subsequent to an appeal and an affirmance by the appellate court.'" *Id.* at ¶ 23, quoting *Special Prosecutors* at 97. However, it observed that in the years after *Special Prosecutors*, the Supreme Court reversed course as articulated in both *Roland Davis* and *Janas*. It concluded that "[a]s a result, *Special Prosecutors* can no longer be construed as divesting a trial court of its continuing jurisdiction over post-sentence motions that are permitted by the Ohio Rules of Criminal Procedure or Ohio law." *Id.* at ¶ 26. As such, it found that contrary to *Enyart III*, "*Special Prosecutors* no longer applies to post-sentence motions to withdraw a guilty or no contest plea filed pursuant to Crim.R. 32.1." *Id.* It acknowledged its mistake in continuing to hold otherwise after *Janas*. It explained that it could not "in good conscience and in light of *Janas*, continue to adhere—or issue precedent that binds trial courts to adhere—to *Special Prosecutors* in disposing of any postconviction motions authorized by statute or the criminal rules on jurisdictional grounds." *Id.* It found that the trial court had jurisdiction to consider the

12.

merits of the defendant's motion to withdraw his plea, and reversed and remanded to the trial court.

{¶ 27} Like the Tenth District in *Enyart,* I believe we must explicitly acknowledge that we have mistakenly continued to cite *Special Prosecutors* for a proposition of law that was abrogated by *Roland Davis* and *Janas.* A trial court does maintain jurisdiction to consider a post-sentence Crim.R. 32.1 motion. To that end, we should not cite or apply the first step of the *Anton Davis* analysis.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.