IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-17-1205

        Appellee                             Trial Court No. CR0201603179

v.

Travis D. Nettles                                **DECISION AND JUDGMENT**

        Appellant                             Decided:  November 9, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Dexter L. Phillips, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**JENSEN, J.**

## I.  Introduction

{¶ 1} Appellant, Travis Nettles, appeals the judgment of the Lucas County Court

of Common Pleas, sentencing him to 18 years to life after accepting his guilty plea to one

count of murder with a firearm specification, and imposing an additional consecutive

sentence of 982 days in prison after finding appellant to be in violation of the terms of his previously imposed postrelease control.

## A. Facts and Procedural Background

{¶ 2} On November 30, 2016, appellant was indicted on one count of murder in violation of R.C. 2903.02(B) and R.C. 2929.02, an unspecified felony, one count of felonious assault in violation of R.C. 2903.11(A)(2) and (D), a felony of the second degree, one count of having weapons while under disability in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree, and one count of tampering with evidence in violation of R.C. 2921.12(A)(1) and (B), a felony of the third degree. Firearms specifications were attached to all counts except for tampering with evidence.

{¶ 3} Following pretrial discovery, appellant filed a motion to suppress on March 10, 2017. In his motion, appellant argued that incriminating statements he made to Maumee and Toledo police should be suppressed because they were made prior to a recitation of *Miranda* rights and during the course of a custodial interrogation. Further, appellant argued that his waiver of his right against self-incrimination was not valid because he was not taking his mental health medication at the time of the waiver, rendering him incapable of appreciating the nature of his rights or the consequences of waiving such rights.

{¶ 4} One week after appellant filed his motion to suppress, the state filed its memorandum in opposition, in which it argued that appellant was not in custody at the time he was questioned by Maumee police. Rather, the state urged that the questioning

2.

of appellant was brief, and noted that appellant was not handcuffed or subject to physical restraints during the questioning. The state noted that Maumee police only questioned appellant prior to his arrest and transport to the Toledo Safety Building. Once arrested, Appellant was no longer questioned by Maumee police. Because appellant was not in custody at the time of the initial questioning, the state asserted that he was not entitled to be read his *Miranda* rights. Further, the state asserted that Maumee police had probable cause to arrest appellant and transport him to the Toledo Safety Building after he confessed his involvement with a murder that occurred in Toledo.

{¶ 5} Once in the custody of Toledo police, appellant was informed of his *Miranda* rights and agreed to waive his right to be free from self-incrimination. According to the state, Toledo police did not question appellant until after he waived his rights. Therefore, the state argued that, even if appellant's statements to Maumee police were subject to suppression, the statements appellant made to Toledo police after being informed of, and waiving, his *Miranda* rights, should not be suppressed. On that point, the state urged that the statement made to Toledo police was not the product of a single, unwarned sequence of questioning because the timing and setting of the first and second interrogations were different, one occurring in Maumee and the other in Toledo. Moreover, the state noted that the two interrogations were conducted by different law enforcement agencies, and the statement provided during the first interrogation was incomplete compared with the detailed statement appellant provided to Toledo police after waiving his *Miranda* rights.

3.

{¶ 6} As to appellant's argument that his waiver of his right against self-incrimination was not knowing, intelligent, and voluntary, the state argued that there was no evidence to substantiate his claim of a lack of mental capacity, nor was there any indication of police coercion. In support of the state's contention that appellant was aware of the rights he was waiving and the consequences that flowed from that waiver, the state noted that appellant was "a twenty-nine year old adult with numerous contacts with the criminal justice system."

{¶ 7} On May 9, 2017, appellant appeared before the trial court for a hearing on his motion to suppress. The state presented testimony from officer Jeffrey Medere of the Maumee Police Department, and detective Larry Anderson of the Toledo Police Department. Upon consideration of the testimony provided at the hearing, the trial court found that appellant was not in custody when he was questioned by Maumee police. Further, the court concluded that appellant was properly transported to the Toledo Safety Building for further questioning once he indicated that he had been involved in a murder. The court found that appellant understood his *Miranda* rights, properly waived them, and then proceeded to make a voluntary statement to Toledo police. Consequently, the trial court found appellant's arguments unavailing, and denied the motion to suppress.

{¶ 8} Following the trial court's denial of appellant's motion to suppress, the state informed the court that a plea agreement had been reached with appellant. Appellant then entered a plea of guilty to one count of murder and an attendant firearm specification. After a thorough Crim.R. 11 colloquy, the trial court accepted appellant's

4.

guilty plea, found him guilty of murder with a firearm specification, and dismissed the remaining three counts contained in the indictment, as well as the firearms specifications attached to those counts pursuant to the plea agreement.

{¶ 9} The court proceeded immediately to sentencing, at which time the court ordered appellant to serve 15 years to life on the murder count, along with a mandatory consecutive sentence of three years for the firearm specification. Because appellant was on postrelease control at the time of the murder, the trial court imposed an additional consecutive prison sentence of 982 days.

{¶ 10} Appellant's timely appeal followed.

### B. Assignments of Error

{¶ 11} On appeal, appellant assigns the following errors for our review:

I. The trial [court] abused its discretion in denying Appellant's motion to suppress his statements.

II. The trial [court] abused its discretion by accepting Appellant's guilty [plea] which was not offered voluntarily.

III. The trial court committed error to the prejudice of Appellant by imposing the costs of prosecution without consideration of Appellant's present or future ability to pay.

5.

## II. Analysis

### A. Denial of Appellant's Motion to Suppress

{¶ 12} In his first assignment of error, appellant argues that the trial court abused its discretion in denying appellant's motion to suppress. Specifically, appellant asserts that his waiver of *Miranda* rights was not entered knowingly, intelligently, or voluntarily, because he was emotional at the time and was without his mental health medication. In response, the state contends that the trial court's denial of the motion to suppress is not subject to review in this case because appellant waived his argument by entering a guilty plea.

{¶ 13} The Supreme Court of Ohio has stated that "[a] valid guilty plea by a counseled defendant * * * generally waives the right to appeal all prior nonjurisdictional defects, including the denial of a motion to suppress." *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 15, citing *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78 and *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 56. Because appellant entered a guilty plea in this case, appellant's argument concerning the trial court's denial of his motion to suppress has been waived.

{¶ 14} Accordingly, appellant's first assignment of error is not well-taken.

### B. Appellant's Guilty Plea

{¶ 15} In his second assignment of error, appellant argues that his guilty plea was not offered voluntarily.

6.

**{¶ 16}** A guilty plea is constitutionally valid only if it is entered knowingly, voluntarily, and intelligently. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To ensure a no-contest or guilty plea is made knowingly, intelligently, and voluntarily, the trial court must engage the defendant in a colloquy pursuant to Crim.R. 11(C) and inform him of certain constitutional and nonconstitutional rights. *Id.*

**{¶ 17}** Crim.R. 11(C) provides, in pertinent part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for

7.

obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 18} The underlying purpose of Crim.R. 11(C) is to ensure that the information a defendant needs to make a voluntary and intelligent decision about pleading guilty is conveyed to him. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶ 19} "There are two levels of compliance with Crim.R. 11(C): strict and substantial." *State v. Burnette*, 6th Dist. Lucas Nos. L-16-1272, L-16-1273, 2017-Ohio-8424, ¶ 24. In explaining the defendant's constitutional rights, the court must strictly comply with Crim.R. 11(C). *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Rinehart*, 6th Dist. Wood No. WD-11-030, 2013-Ohio-3372, ¶ 17. The court need not use the exact language in the rule, but must explain the rights in a manner that is reasonably intelligible to the defendant. *Rinehart* at ¶ 17, citing *Ballard* at paragraph two of the syllabus.

{¶ 20} For non-constitutional rights, substantial compliance with Crim.R. 11(C) is sufficient. *Clark* at ¶ 31; *Rinehart* at ¶ 18. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 21} Here, appellant argues that his guilty plea was not offered voluntarily because he was precluded from continuing his trial date and retaining private counsel.

8.

Appellant fails to identify how the trial court abused its discretion in denying his last-minute continuance aimed at securing new counsel. Moreover, appellant fails to demonstrate how the trial court's denial of his fifth request for a continuance, after having already granted the first four requests, impacted his decision to enter a guilty plea.

{¶ 22} During the Crim.R. 11 colloquy in this case, the trial court explained to appellant that his guilty plea would result in a mandatory prison sentence of 18 years to life, a discretionary fine of up to $20,000, and the possibility of a life term of postrelease control. The trial court further explained that appellant's guilty plea would result in a violation of the terms of his previously-imposed postrelease control, which would extend appellant's prison sentence by 982 days. Appellant, a 28-year-old individual with a GED and some college coursework, indicated that he understood the consequences of entering his guilty plea. The trial court then asked appellant if he was under the influence of any drugs, alcohol, or medication that would interfere with his ability to understand the plea proceedings. Appellant indicated that he was not under the influence of any such substances, and affirmed that he was satisfied with his counsel's representation.

{¶ 23} Moving to appellant's constitutional rights, the trial court explained that appellant was entitled to his choice of a trial by jury or to the bench. The court informed appellant that the state would have the burden of proving its case beyond a reasonable doubt. Next, the court explained to appellant that he had the right to cross-examine the state's witnesses and call witnesses of his own. Further, the court articulated appellant's right to remain silent.

9.

**{¶ 24}** After setting forth appellant's constitutional rights, the trial court asked appellant if he understood that, by entering a guilty plea, he was waiving his rights, as well as his right to appeal any matters except those issues pertaining to the Crim.R. 11 colloquy. Appellant indicated that he understood his rights, as well as the consequences of entering his guilty plea.

**{¶ 25}** Prior to accepting appellant's guilty plea, the trial court provided appellant's counsel an opportunity to review the written plea form that was prepared in this case, which reiterated appellant's constitutional rights and the consequences of entering a guilty plea. After appellant reviewed and signed the plea form, the trial court asked appellant if he had any questions concerning the contents of the form, to which appellant responded in the negative. Thereafter, the trial court found that appellant was advised of his constitutional rights and entered a knowing, intelligent, and voluntary waiver of those rights. Consequently, the court accepted appellant's plea of guilty.

**{¶ 26}** In light of the foregoing colloquy that took place at the plea hearing in this case, we find that the trial court properly informed appellant of his constitutional and non-constitutional rights under Crim.R. 11(C). As a result, we conclude that appellant's guilty plea was entered knowingly, voluntarily, and intelligently.

**{¶ 27}** Accordingly, appellant's second assignment of error is not well-taken.

10.

## C. Imposition of Costs

{¶ 28} In his third assignment of error, appellant argues that the trial court erred by ordering his to pay the costs of prosecution, supervision, confinement, and assigned counsel, without considering his present or future ability to pay such costs.

{¶ 29} We review the trial court's imposition of costs and financial sanctions to determine whether the imposition of such costs was contrary to law. R.C. 2953.08(A)(4) and (G)(2)(b); *State v. Farless*, 6th Dist. Lucas Nos. L-15-1060 and L-15-1061, 2016-Ohio-1571.

{¶ 30} At sentencing, the trial court did not discuss the imposition of costs, nor did it inquire as to appellant's present or future ability to pay costs. However, the sentencing entry in this case states: "Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law. Defendant ordered to reimburse the State of Ohio and Lucas County for such costs."

{¶ 31} Under R.C. 2947.23, the trial court is required to assess the costs of prosecution in all criminal cases against all convicted defendants regardless of their financial status, and no hearing is required before ordering the payment of court costs. Therefore, the court properly imposed these costs.

{¶ 32} Regarding the costs of confinement, R.C. 2929.18(A)(5)(a)(ii) requires the imposition of such costs against all convicted defendants to the extent the defendant is able to pay. Likewise, R.C. 2941.51(D) provides that all or part of the cost of appointed

11.

counsel may be imposed upon a defendant if the court determines that the offender "[h]as, or reasonably may be expected to have, the means to meet some part of the costs of the services rendered."

{¶ 33} Prior to the imposition of costs of assigned counsel and confinement, the court is not required to conduct a hearing on a defendant's ability to pay; rather, the record must contain some evidence that the court considered the defendant's financial ability to pay. *State v. Baughman*, 6th Dist. Lucas No. L-11-1045, 2012-Ohio-5327, ¶ 43, citing *State v. Maloy*, 6th Dist. Lucas No. L-10-1350, 2011-Ohio-6919, ¶ 13.

{¶ 34} Here, there is no evidence in the record to suggest that the trial court considered appellant's present or future ability to pay the costs of confinement or appointed counsel. The state argues that appellant's attempt at retaining counsel prior to the plea hearing is indicative of his ability to pay these costs. However, the manner in which appellant was going to pay for retained counsel was not discussed and is not part of the record. Further, no additional evidence of appellant's assets is contained in the record, and appellant will be serving a potential life sentence as a result of his guilty plea. On these facts, we find that the trial court's imposition of the costs of confinement and appointed counsel was contrary to law, and must be vacated. *See State v. Johnson*, 6th Dist. Lucas No. L-16-1165, 2017-Ohio-8206, ¶ 25 (vacating the imposition of costs of confinement and appointed counsel where the record contained no evidence that the trial court considered the defendant's ability to pay before imposing such costs).

{¶ 35} Accordingly, appellant's third assignment of error is well-taken, in part.

12.

## III. Conclusion

{¶ 36} In light of the foregoing, the trial court's imposition of the costs of confinement and appointed counsel is vacated. In all other respects, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, the state is ordered to pay the costs of this appeal.

Judgment affirmed, in part and vacated, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                                                   JUDGE

Arlene Singer, J.      

                                            _____

James D. Jensen, J.                                            JUDGE
CONCUR.

_____
                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.