[Cite as *State v. Matthews*, 2025-Ohio-3175.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No.  OT-24-045 |
| | OT-24-046 |
| Appellee | Trial Court No.  2021 CR 051 |
| | 2021 CR 022 |
| v. | |
| Michael Matthews | **DECISION AND JUDGMENT** |
| Appellant | Decided:  September 5, 2025 |

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney,
and Thomas A. Matuszak, Assistant Prosecuting Attorney, for appellee.

Michael Matthews, pro se.

* * * * *

**SULEK, P.J.**

{¶ 1} In this consolidated appeal, appellant Michael Matthews appeals the judgments of the Ottawa County Court of Common Pleas, denying his Motion to Withdraw Guilty Pleas.  For the reasons set forth below, the trial court's judgments are affirmed.

## I. Factual Background and Procedural History

{¶ 2} On September 21, 2021, Matthews entered a guilty plea in case No. 21-CR-022 to trafficking in drugs in violation of R.C. 2925.03(A)(2), a felony of the first degree, and in case No. 21-CR-051 to aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1) and (C)(1)(d), a felony of the first degree. Both counts included a forfeiture specification pursuant to R.C. 2941.1417(A) for the forfeiture of a 2005 Honda Accord used in the drug transactions as well as $1,480.00.

{¶ 3} Upon receiving Matthews' guilty pleas, the trial court conducted a detailed Crim.R. 11 plea colloquy during which Matthews acknowledged that the State's proffered facts were true. Specifically, he agreed that on or about November 17, 2020, he drove Adam Lester to a drug transaction where Lester sold methamphetamine to a confidential informant, and that he provided the methamphetamine for the sale. Further, he agreed that on or about January 19, 2021, he was arrested at the Sleep Inn Hotel in Ottawa County, after fleeing on foot when officers approached him. A subsequent search of his vehicle uncovered two baggies of crack cocaine that he admitted he brought for a drug sale. That same day, police executed a search warrant at his residence in Cuyahoga County where they found "drugs, approximately $100,000 in cash, three firearms, and other tools of the trade of a drug dealer." Ultimately, the trial court accepted Matthews' guilty pleas, found him guilty of the offenses, and sentenced him to an agreed-upon indefinite sentence of 10 to 12 1/2 years in prison. Matthews did not file a direct appeal.

2.

**{¶ 4}** Over a year later, on October 14, 2022, Matthews petitioned to set aside the convictions claiming that trial counsel was ineffective for failing to challenge the warrantless installation of a GPS device on his vehicle. The State opposed the motion, arguing that it obtained three warrants to install and monitor the GPS device. It attached copies of the warrants and affidavits in support of the warrants to its response. Ultimately, the trial court denied the petition, holding that Matthews' argument regarding the GPS tracking device was barred by res judicata because it could have been raised on direct appeal.

**{¶ 5}** Matthews appealed the denial of his postconviction petition. This court affirmed, agreeing with the trial court that res judicata barred Matthews' arguments. *State v. Matthews*, 2024-Ohio-1071, ¶ 24 (6th Dist.).

**{¶ 6}** On April 19, 2024, Matthews next filed a motion for leave to file a delayed appeal, arguing that ineffective assistance of counsel caused him to enter a guilty plea he otherwise would not have entered. This court denied his motion in case No. OT-24-016.

**{¶ 7}** Thereafter, on September 16, 2024, Matthews filed a Crim.R. 32.1 motion to withdraw the guilty pleas he entered in case Nos. 21-CR-022 and 21-CR-051, claiming that ineffective assistance of counsel resulted in a manifest injustice which affected the voluntariness of his pleas. Matthews asserted that counsel failed to consult with him about important developments in the case—specifically the existence of available defenses to his charges—and lied about the discovery designation being "counsel only," which deprived him of the opportunity to view the evidence against him.

3.

{¶ 8} On October 9, 2024, the trial court denied Matthews' motion to withdraw his guilty plea, holding that (1) the ineffective assistance of counsel issue was previously raised and ruled upon in the post-conviction petition and thus barred by res judicata; and (2) Matthews failed to establish a "manifest injustice" which resulted in a miscarriage of justice.

## II. Assignments of Error

{¶ 9} On appeal, Matthews asserts the following assignments of error:

1. The trial court erred and abused its discretion when it denied appellant's Motion to Withdraw Guilty Plea on the basis of res judicata.

2. The trial court abused its discretion by finding that appellant failed to establish a "manifest injustice," which resulted in a miscarriage of justice.

## III. Law and Analysis

{¶ 10} Matthews asserts in his first assignment of error that the trial court abused its discretion when it denied his motion to withdraw his guilty plea based on res judicata. In his second assignment of error, Matthews argues that the trial court abused its discretion when it held that he failed to establish a "manifest injustice" that resulted in a miscarriage of justice. Because both of these issues concern his motion to withdraw the guilty pleas, they will be analyzed together.

{¶ 11} Crim.R. 32.1 governs the withdrawal of guilty pleas, and states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

4.

{¶ 12} "A defendant who seeks to withdraw a guilty plea after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Cain*, 2021-Ohio-1841, ¶ 14 (6th Dist.), citing *State v. Davis*, 2020-Ohio-4539, ¶ 20 (6th Dist.). "A manifest injustice is defined as a clear or openly unjust act." *Id.*, citing *State v. Johnson*, 2012-Ohio-4866, ¶ 9 (6th Dist.). "Manifest injustice is an extremely high standard, and a defendant may only withdraw his guilty plea in extraordinary cases." *Id*.

{¶ 13} An appellate court reviews a trial court's decision on a motion to withdraw a plea for an abuse of discretion. *State v.* Frisbie, 2024-Ohio-5523, ¶ 10 (6th Dist.). To constitute an abuse of discretion, the trial court's attitude must have been unreasonable, arbitrary, or unconscionable. *Id.*; *State v. Xie*, 62 Ohio St.3d 521, 527 (1992).

{¶ 14} When considering a post-sentence motion to withdraw a guilty plea, the court employs the following analytical framework. "In step one, the question is whether the defendant's conviction was appealed and affirmed on appeal?" *State v. Vasquez*, 2024-Ohio-2947, ¶ 14 (6th Dist.), quoting *State v. Davis*, 2020-Ohio-4539, ¶ 34 (Zmuda, P.J., concurring). "If the answer is yes, then the trial court has no jurisdiction to entertain the post-sentence motion to withdraw." *Id*. If the answer is no, the court must proceed to step two. "In step two, the question is whether the defendant relies upon evidence contained within the trial court record to support his post-sentence motions to withdraw?" *Id*. "If the answer is yes, then the defendant's motion is barred by res judicata." *Id*. If the defendant relies on facts outside of the record to support his motion, "the trial court must address the motion on its merits and ascertain whether the defendant should be

5.

allowed to withdraw his plea post-sentence in order to correct manifest injustice as provided in Crim.R. 32.1." *Id.*

{¶ 15} Here, relative to step one, Matthews did not file a direct appeal from his convictions, thus the trial court had jurisdiction to entertain the post-sentence motion to withdraw. Moving to step two and the issue of res judicata, the trial court found that the issue Matthews raised in his post-sentence motion to withdraw his guilty pleas was identical to the issue he raised earlier in his petition for postconviction relief. Matthews, however, contends in his first assignment of error that res judicata should not apply because the issue raised in his petition for postconviction relief was different than the one in his motion to withdraw his guilty pleas. In the former, he argued that trial counsel was ineffective for failing to file a motion to suppress illegally obtained warrants. In the latter, he argued that he was unable to make a fully informed plea because trial counsel failed to consult with him on important decisions and falsely claimed that the discovery was marked "counsel only," which prevented him from examining the evidence against him.

{¶ 16} Assuming for purposes of this analysis only that Matthews is correct and that the two issues are distinct enough to prevent the application of res judicata, the trial court nonetheless did not abuse its discretion in denying the post-sentence motion to withdraw the guilty pleas because Matthews failed to demonstrate a manifest injustice.

{¶ 17} Matthews contends that a manifest injustice occurred based on trial counsel's (1) failure to communicate with him about discovery, (2) false statement to him

6.

that the search warrants were designated "counsel only" pursuant to Crim.R. 16, and (3) failure to advise him of his constitutional right to challenge the defective warrants. From this, he claims that he was prejudiced in two ways.

{¶ 18} First, he claims that trial counsel's failure to tell him that there were search warrants caused him to file a frivolous postconviction petition for relief. Matthews, however, does not explain, and this court cannot discern, how he was prejudiced by his filing of the postconviction petition.

{¶ 19} Alternatively, Matthews claims that, had he known of the search warrants, he would not have pleaded guilty but would have insisted on going to trial. His argument is premised on his belief that the affidavits and search warrants contained numerous defects that would have supported a successful motion to suppress. Importantly though, Matthews only nakedly asserts that the affidavits and warrants were defective, he does not attempt to explain how they were defective, despite having received them with the State's opposition to his petition for postconviction relief. Thus, even assuming that trial counsel rendered deficient performance by not providing access to the affidavits and search warrants, without any evidence that they were defective, Matthews cannot demonstrate that counsel's performance prejudiced him.

{¶ 20} Under these facts, combined with his admission during the plea colloquy that he trafficked in drugs, this is not the extraordinary case where the guilty pleas must be withdrawn to correct a manifest injustice. Accordingly, the trial court did not abuse its

7.

discretion when it denied Matthews' Crim.R. 32.1 post-sentence motion to withdraw his guilty pleas. Matthews' first and second assignments of error are not well-taken.

## IV. Conclusion

**{¶ 21}** For the foregoing reasons, the judgments of the Ottawa County Court of Common Pleas are affirmed. Matthews is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Myron C. Duhart, J. _____
                                                                                              JUDGE
Charles E. Sulek, P.J.
CONCUR.
                                                                   _____
                                                                                              JUDGE

Christine E. Mayle, J.
CONCURS AND WRITES                                _____
SEPARATELY.                                                          JUDGE

**MAYLE, J.**

**{¶ 22}** I concur in the judgment of the majority because I agree that the trial court properly denied Matthews's motion to withdraw his plea. I write separately to reiterate the concerns I expressed in *State v. Vasquez*, 2024-Ohio-2947 (6th Dist.) (Mayle, J., concurring). Specifically, as I explained in detail in *Vasquez,* I believe that the first step

of the "analytical framework" described in *State v. Davis*, 2020-Ohio-4539, ¶ 34 (6th Dist.) (Zmuda, J., concurring) is premised on Ohio Supreme Court case law that has been effectively abrogated. We should refrain from citing or applying the first step of the *Davis/Vasquez* analysis.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.